UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO MEDRANO,<br>CDCR #F-75249,<br><br>            Plaintiff,<br><br>  vs.<br><br>ROGELIO ORTEGA, Staff Physician;<br>H. PATEL, Chief Physician;<br>S. GATES, Chief Health Care<br>Correspondence and Appeals Branch,<br><br>            Defendants. | Case No.: 3:19-cv-00423-AJB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 11]**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 2]**<br><br>**3) DISMISSING DEFENDANTS PATEL AND GATES PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**AND**<br><br>**4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT UPON DEFENDANT ORTEGA PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

   Rolando Medrano ("Plaintiff"), proceeding pro se and currently incarcerated at Chuckawalla Valley State Prison ("CVSP") in Blythe, California, filed this civil rights

action pursuant to 42 U.S.C. § 1983 in the Central District of California on February 5, 2019. *See* Compl., ECF No. 1.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), together with a Motion to Appoint Counsel (ECF Nos. 2, 3).

On March 4, 2019, the Honorable United States Magistrate Judge Steve Kim determined that because Plaintiff's claims are alleged to have arisen while he was incarcerated at Centinela State Prison ("CEN"), in Imperial, California, his Complaint should have been filed in the Southern District of California pursuant to 28 U.S.C. § 1391(b). (*See* ECF No. 6 at 1.) Therefore, Judge Kim transferred the case here in the interests of justice. (*Id.* at 2.) Judge Kim further denied Plaintiff's then-pending Motion to Proceed IFP (ECF No. 3), but without prejudice and with instructions to Plaintiff to file a new IFP Motion in this Court within 30 days of transfer. (*See* ECF No. 6 at 1.) Judge Kim did not mention Plaintiff's Motion to Appoint Counsel however, and did not screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) or § 1915A.

On April 5, 2019, Plaintiff filed a renewed Motion to Proceed IFP in this Court, as instructed by Judge Kim (ECF No. 11).

**I.     IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

| | |
|---|---|
| 1 | *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to |
| 2 | proceed IFP remains obligated to pay the entire fee in "increments" or "installments," |
| 3 | *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d |
| 4 | 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. |
| 5 | *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. |
| 6 | 2002). |

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his renewed IFP Motion, Plaintiff has submitted a Prison Certificate signed by a trust account official at CVSP, together with a certified copy of his CDCR Inmate Statement Report showing his trust account activity at the time of filing. (*See* ECF No. 11 at 4-6.) *See also* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff carried an average monthly balance of $1.76, and had $3.33 in average monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint—but he had only a $.01 available balance on the books at the time of filing. (*See* ECF No. 11 at 4, 6.)

///
///

Based on this accounting, the Court **GRANTS** Plaintiff's renewed Motion to Proceed IFP (ECF No. 11) and assesses his initial partial filing fee to be $0.66 pursuant to 28 U.S.C. § 1915(b)(1).

However, because Plaintiff's available balance was insufficient to satisfy even this minimal initial fee at the time of filing, the Court will direct the Secretary of the CDCR, or his designee, to collect the initial fee assessed only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel pursuant to 28 U.S.C. § 1915 based on the complexity of his claims, his indigence, incarceration, limited ability to investigate, and anticipated need to propound discovery and solicit expert testimony. (*See* ECF No. 2 at 2-4.)

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is

4

unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court agrees that pro se litigants may be better served with the assistance of counsel—but that is not the test. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of counsel based on claims that pro se plaintiff "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."), *withdrawn in part on reh'g en banc and overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). "Concerns regarding investigation and discovery are … not exceptional factors," and while a pro se litigant "may not have vast resources or legal training," these are simply among the commonly shared "types of difficulties encountered by many pro litigants." *Wells v. Washington State Dep't of Corr.*, No. C13-234 RJB/KLS, 2013 WL 4009076, at *1 (W.D. Wash. Aug. 5, 2013).

Here, nothing in Plaintiff's Complaint suggests he is incapable of articulating the factual basis for his Eighth Amendment inadequate medical care claim, which is a typical conditions of confinement claim and "relatively straightforward." *Harrington*, 785 F.3d at 1309. In fact, the Court finds, based on its initial screening of Plaintiff's Complaint under the standards of review discussed below, that he has pleaded sufficient factual content to state a plausible claim for relief. *See Meeks*, 2017 WL 476425 at *3 (denying ADA inmate appointment of counsel where inmate "successfully survived screening," and had submitted motions "drafted with clarity and [asserting] proper arguments."); *Garcia v. Blahnik*, Civil Case No. 3:14-cv-00875-LAB-BGS, 2016 WL 4269561, at *3 (S.D. Cal. Aug. 15, 2016) (finding no "exceptional circumstances warranting a judicial request for a voluntary legal counsel" where Plaintiff's psychiatric disorder and limited access to the law library did not "prevent[] him from filing a well-articulated complaint and other motions with the Court.").

In addition, while Plaintiff may have sufficiently *pleaded* an Eighth Amendment deliberate indifference claim as to Dr. Ortega at this preliminary stage of the proceedings,

5

he has yet to demonstrate and it is too soon to tell whether there is a likelihood of success on the merits. *Harrington*, 785 F.3d at 1309; *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, but did not show likelihood of succeed on the merits); *see also Dickey v. Strayhorn*, Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied,* Civil Case No. 3:17-cv-00546-JLS-JLB, 2017 WL 4271975 at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations."); *Torbert v. Gore,* Civil Case No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.")

Therefore, the Court finds no "exceptional circumstances" exist at this preliminary stage of the case and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2) without prejudice on that basis.

**III.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

  A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal citation omitted).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations

Plaintiff claims that while he was incarcerated at CEN on seven separate occasions beginning in June 2016 and continuing until February 2018, he sought various forms medical attention and pain management medication from Defendant Ortega, a staff physician, for two torn ligaments in his right ankle. (*See* Compl., ECF No. 1 at 1-7.) Specifically, Plaintiff claims Ortega ordered an X-ray and prescribed Tylenol 3 in June 2016, but refused to renew that prescription after it lapsed despite his complaints of "significant and immobilizing pain." (*Id.* at 3.)

After he was referred to an orthopedic surgeon in August 2016, given an MRI, and re-prescribed Tylenol 3, Plaintiff alleges Dr. Ortega again decreased and then discontinued his pain medication without consulting with the orthopedic surgeon who

7

prescribed it. (*Id.* at 4.) After Plaintiff continued complaints of "uncontrolled pain to his right ankle," he was referred again to the orthopedic surgeon in September 2016 who confirmed a ligament tear. But Dr. Ortega again refused to prescribe stronger pain medication, which caused Plaintiff to "endure months" of continued pain. (*Id.* at 5.)

When Plaintiff was again examined by Dr. Ortega in November 2016, Ortega noted Plaintiff's ankle had "not really changed much," and that he was walking with a cane, and "continue[d] to have the same amount of pain," but Ortega still refused to prescribe stronger pain medication. (*Id.* at 6.)

Again Plaintiff returned to the orthopedic surgeon, who noted "popping and clicking" in his right ankle, his use of an "aircast," and his reports of "constant" and "sharp" pain. (*Id.* at 7.) The orthopedic surgeon recommended "right ankle arthroscopy & repair of tibia fibula ligament," and Tylenol 3 for pain management. (*Id.* at 7.) When he returned to Dr. Ortega a week later, however, Plaintiff claims Ortega "substituted his own judgment," and disregarded the orthopedist's prescription. (*Id.*)

Finally, Plaintiff claims both Dr. H. Patel, the Chief Physician and Surgeon who interviewed him at CEN in response to a CDCR 602 HC Patient-Inmate Health Care Appeal regarding Dr. Ortega's "continued deliberate indifference" to his "extreme and prolonged pain," and S. Gates, the Chief of Health Care Correspondence and Appeals in Sacramento, both "demonstrated [their] own deliberate indifference" by refusing to grant and adjudicate his health care appeal to his satisfaction. (*Id.* at 8-9.)

C. <u>Inmate Appeals Processing – Defendants Patel and Gates</u>

Upon initial review, the Court finds Plaintiff's Complaint fails to state a claim as to either Defendant Patel or Gates because an official's allegedly improper processing or denial of a prisoner's grievance or appeal, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances

8

submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [...] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

For these reasons, the Court finds Plaintiff's conclusory claims that Defendants Patel and Gates "rejected" and/or "refused to grant [him] relief" when reviewing and responding to his health care appeal, *see* Compl., ECF No. 1 at 8, 9, are insufficient to state any plausible claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted); *Newton v. Eatmon*, No. 3:19-CV-00511-LAB-KSC, 2019 WL 2027608, at *3 (S.D. Cal. May 7, 2019) (sua sponte dismissing claims against inmate appeals official alleged only to have "prevent[ed] [Plaintiff's] inmate parolee CDCR 602 [from] mov[ing] forward" for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)); *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW, 2016 WL 7378887, at *6 C.D. Cal. Dec. 19, 2016 (sua sponte dismissing claims predicated upon the alleged improper processing of inmate grievances); *Morgan v. Borders*, No. EDCV 17-57 JFW, 2018 WL 2213455, at *6 (C.D. Cal. May 14, 2018) (dismissing allegations that inmate

9

appeals officials "allowed transgender discrimination to continue ... unabated" when they denied plaintiff's grievance alleging discrimination as insufficient to state a viable § 1983 claim); 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D. Inadequate Medical Care Claims – Dr. Ortega

As to his deliberate indifference claims against his treating physician Dr. Ortega, however, the Court finds Plaintiff's Complaint sufficient to survive the "low threshold" set for the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."); *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("Following *Estelle*, we have held that a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon."); *Hamilton v. Endell*, 981 F.2d 1062, 1066-67 (9th Cir.1992) (finding deliberate indifference where prison officials and doctors "deliberately ignored the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner."); *cf. Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (finding material factual dispute as to deliberate indifference where physician refused to refer prisoner to a specialist and "doggedly persisted in a course of treatment known to be ineffective"); *Mason v. Ryan*, No. CV1708098PCTDGCMHB, 2019 WL 1382468, at *23 (D. Ariz. Mar. 27, 2019) ("[D]isregard [of] the specialist's recommendation reflects a callous indifference to Mason's serious medical need and is probative of deliberate indifference.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons and Plaintiff's Complaint upon Defendant Ortega on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to

proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 11).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the initial $0.66 initial partial filing fee assessed, *if those funds exist at the time this Order is executed*, and to thereafter garnish the remainder of the $350 filing fee owed in this case by collecting monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice (ECF No. 2).

5. **DISMISSES** Defendants H. Patel and S. Gates based on Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **DIRECTS** the Clerk of the Court to terminate them as parties to this matter.

6. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant Ortega and forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve Defendant Ortega. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendant Ortega may be found and/or subject to service*, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

7. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Ortega as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

8. **ORDERS** Defendant Ortega, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

9. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Ortega, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: May 21, 2019

Hon. Anthony J. Battaglia
United States District Judge

12

3:19-cv-00423-AJB-MDD