UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROLANDO MEDRANO, | Case No.: 19-cv-423-AJB-MDD |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| ROGELIO ORTEGA, et al., | |
| Defendants. | **[ECF No. 15]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

### I. PROCEDURAL HISTORY

Plaintiff Rolando Medrano ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, constructively filed a complaint pursuant to 42 U.S.C. § 1983 on February 4, 2019, in the Central District of California. (ECF No. 1; *see also* ECF No. 12). On March 4, 2019, the case was

transferred to this Court. (ECF Nos. 6-9). On May 21, 2019, the District Judge screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 12). The only claims to survive screening were the inadequate medical care claims against Defendant Rogelio Ortega, Staff Physician ("Defendant"). (*Id.*). Accordingly, Defendants H. Patel and S. Gates were dismissed. (*Id.*).

On August 13, 2019, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15). Defendant contends Plaintiff failed to timely file this action and failed to sufficiently allege Defendant was deliberately indifferent to his serious medical needs. (*Id.*). Plaintiff did not file an opposition. (*See* Docket).

## **II. FACTUAL BACKGROUND**

These facts are taken from Plaintiff's Complaint and are limited to the claims relating to Defendant. They are not to be construed as findings of fact by the Court. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976) (noting that the Court must accept as true allegations set forth in the complaint when ruling on a motion to dismiss).

On May 29, 2016, while housed at Centinela State Prison ("CEN"), Plaintiff tore two ligaments in his right ankle. (ECF No. 1 at 3).[1] On May 13, 2016, Defendant ordered an X-ray and prescribed Tylenol 3 for three days. (*Id.*). On June 13, 2016, Plaintiff requested Defendant renew his Tylenol 3 prescription. (*Id.*). Defendant did not renew the prescription and instead prescribed "less effective medication" despite Plaintiff's complaints of

---

[1] All pincite page references refer to the automatically generated ECF pagination, not the page number in the original document.

"significant and immobilizing pain." (*Id.*).

On August 2, 2016, Plaintiff was referred to an orthopedic surgeon, who ordered an MRI. (*Id.* at 4). On August 10, 2016, Defendant re-prescribed Tylenol 3. (*Id.*). On August 19, 2016, Plaintiff was given an MRI. (*Id.*). On September 6, 2016, Defendant decreased Plaintiff's daily Tylenol 3 dosage and ordered his pain medication be discontinued on September 20, 2016. (*Id.*).

On September 27, 2016, Plaintiff's orthopedic surgeon confirmed a ligament tear to Plaintiff's ankle. (*Id.* at 5). On October 6, 2016, Defendant refused to prescribe stronger pain management medication despite Plaintiff's complaints of "uncontrolled pain to his right ankle." (*Id.*). As a result, Plaintiff "endure[d] months" of continued pain. (*Id.*). On November 1, 2016, Defendant Ortega refused to prescribe stronger pain medication, even though Plaintiff had the same amount of pain and walked with a cane. (*Id.* at 6).

On November 8, 2016, Plaintiff's orthopedic surgeon noted a "popping and clicking" in his right ankle, Plaintiff's use of an aircast, and reports of constant sharp pain. (*Id.* at 7). The orthopedic surgeon recommended "right ankle arthroscopy and repair of tibia fibula ligament," and Tylenol 3 for pain management. (*Id.*). On November 15, 2016, Defendant allegedly "substituted his own judgment," and failed to renew the Tylenol 3 prescription. (*Id.*). Thus, Plaintiff alleges Defendant was deliberately indifferent to his serious medical needs.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that

the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks omitted). The pleader must provide the Court with "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court must assume the truth of the facts which are presented and construe all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

A *pro se* pleading is construed liberally on a defendant's motion to dismiss for failure to state a claim. *Id.* (citing *Ortez v. Washington Cty.*, 88 F.3d 804, 807 (9th Cir. 1996)). The *pro se* pleader must still set out facts in his complaint that bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

A *pro se* litigant is entitled to notice of deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Thus, the court is not required to accept as true allegations that are "supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Furthermore, the court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. DISCUSSION

Defendant contends Plaintiff's claim is barred by the statute of limitations. (ECF No. 15 at 5-6). Alternatively, Defendant argues Plaintiff failed to sufficiently allege Defendant was deliberately indifferent to his serious medical needs. (*Id.* at 6-10).

### A. Statute of Limitations

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). However, federal law determines when a civil rights action accrues. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "[U]nder federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (quoting *Olsen v. Idaho State Bd. Of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)). California's statute of limitations for personal injury claims is two years. Cal. Civ. Proc. Code § 335.1. The statute of limitations is tolled for two years if the plaintiff was imprisoned for a term less than for life at the time of the accrual. *See* Cal. Civ. Proc. Code § 352.1(a). A prisoner serving a life term is not eligible for tolling. *Id.*

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex rel. Air Controls Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citation omitted). "Where the facts and dates alleged in a complaint demonstrate that the complaint is barred by the statute of limitations, a Federal Rule of Civil Procedure 12(b)(6) motion should be granted." *Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002). Conversely, "'[a] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Plaintiff's request for a renewal of his Tylenol 3 prescription was first denied by Defendant on June 13, 2016. (ECF No. 1 at 1, 3). As a result, the earliest accrual date alleged is June 13, 2016. *See Lukovksy*, 535 F.3d at 1048. Plaintiff constructively filed his complaint on February 4, 2019 – 2 years, 7 months, and 22 days after the earliest alleged accrual date. (*See* ECF No. 1 at 1). However, Plaintiff does not allege whether he is sentenced to life or a shorter term. (*See id.*). Accordingly, the court cannot determine whether Plaintiff is entitled to a two-year tolling of the statute of limitations. *See* Cal. Civ. Proc. Code § 352.1(a). Because it is not apparent that Plaintiff's claims are barred by the statute of limitations, dismissal of the complaint is inappropriate on this ground. *See Von Saher*, 592 F.3d at 969.

### **B. Failure to State a Claim for Deliberate Indifference**

The Eighth Amendment is violated when prison officials demonstrate "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference test has both an objective and subjective requirement. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994). The subjective prong requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835 (internal quotation marks and citation omitted). It requires a showing that the defendant acted with "deliberate indifference" to "an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837.

Here, Plaintiff alleges Defendant was deliberately indifferent to his serious medical needs by refusing to prescribe Tylenol 3. (ECF No. 1). Specifically, he contends Defendant was deliberately indifferent by failing to renew the prescription when Plaintiff complained of pain and when his orthopedic surgeon recommended Tylenol 3. (*See id.*).

Plaintiff's allegations indicate a disagreement between Defendant and

6

Plaintiff or between Defendant and Plaintiff's orthopedic surgeon. However, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012)). It is not enough that the plaintiff merely disagrees with the course of treatment provided. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Rather, the plaintiff must show both "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996).

Here, Defendant re-prescribed "Tylenol 3" in one instance and prescribed alternative, albeit allegedly less effective, medication when Plaintiff was not prescribed Tylenol 3. (*See* ECF No. 1 at 3-5). Thus, Defendant was not consciously disregarding an excessive risk to Plaintiff's health. *See Jackson*, 90 F.3d at 332.

Accordingly, Plaintiff insufficiently pleads a claim for deliberate indifference to serious medical needs and the Court **RECOMMENDS** Defendant's motion be **GRANTED** and the Complaint be dismissed **WITH PREJUDICE** because Plaintiff cannot cure the deficiencies of the complaint under these circumstances.[2]

---

[2] Also, the Ninth Circuit has held that a district court may grant an unopposed motion to dismiss where a local rule permits, but does not require it to do so. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Here, Civil Local Rule 7.1(f)(3)(c) provides, "[i]f an opposing party fails to file the papers in the manner required by [the court], that failure may constitute a consent to the granting of a motion . . . by the court." S.D. Cal. Civ. L.R. 7.1(f)(3)(c). Here, Plaintiff's opposition was due on September 20, 2019. (ECF No. 16). To date, Plaintiff has not filed an opposition. (*See* Docket). As such, the Court may also grant Defendant's motion on the basis of Plaintiff's failure to oppose.

## V. CONCLUSION

Based on the foregoing, the court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.** *See Lopez*, 203 F.3d at 1127 (noting that a *pro se* litigant should be granted leave to amend unless the complaint's deficiencies cannot be cured by amendment).

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1). Any party may file written objections with the court and serve a copy on all parties by **November 22, 2019**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **November 29, 2019**.

The parties are advised that failure to file an objection within the specified time may waive the rights to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: October 31, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge